Ryan T. McFarland, ISB No. 7347
SCENTSY, INC.
P.O. Box 1335
Meridian, ID 83642
Telephone: 208.895.1291
Facsimile: 208.895.1270
Email: rmcfarland@scentsy.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENTSY, INC., an Idaho Corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>KELLYTOY WORLDWIDE, INC., a California corporation, and KELLYTOY (USA), INC., a California corporation,<br><br>               Defendants. | Case No. _____<br><br>COMPLAINT<br><br>Fee Category:<br>Filing Fee: $ |

Plaintiff Scentsy, Inc. (herein, "Scentsy"), pleads and alleges as follows:

## I.
## PARTIES

1.      Scentsy, Inc. ("Scentsy") is an Idaho corporation with its principal place of business in Ada County, Idaho.

2.      On information and belief, Defendant Kellytoy Worldwide, Inc. is a California corporation, with its principal place of business in Los Angeles County, California.

COMPLAINT - 1

3.      On information and belief, Defendant Kellytoy (USA), Inc. is a California

corporation, with its principal place of business in Los Angeles County, California.

4.      On information and belief, Defendants Kellytoy Worldwide, Inc. and Kellytoy

(USA), Inc. (collectively referred to herein as "Defendants" or "Kellytoy") are related entities,

under the same ownership, operation, and control.

## II.
## VENUE AND JURISDICTION

5.      Jurisdiction is proper in this Court because this litigation arises under federal law,

namely 15 U.S.C. §§ 1116 and 1121 *et seq.* (the Lanham Act), 35 U.S.C. § 271 *et seq.* (design

patent), 17 U.S.C. § 101 *et seq.* (copyright), and 28 U.S.C. §§ 1331 (federal question) and

1338(a) (patents, copyrights, and trademarks). This Court also has jurisdiction under 28 U.S.C.

§§ 1332 (diversity of citizenship) and 1367 (supplemental jurisdiction).

6.      This Court has personal jurisdiction over Defendants because Defendants, on

information and belief, conduct business in the State of Idaho and within this district, including

advertising and selling products to residents of the State of Idaho, and purposefully availing

themselves of the laws and protection of the State of Idaho.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b).

## III.
## GENERAL ALLEGATIONS

8.      Since at least 2004, Scentsy has been engaged in the business of selling fragrance

products to the public, throughout the United States. Scentsy products include, *inter alia*,

fragrance wax, electric wax warmers, fragrance oils including essential oils, oil diffusers, skin

care, laundry care, and other personal and household fragrance products.

9.      In 2010, Scentsy began selling scent paks and stuffed toys with fragrance pouches known as "Scentsy Buddies"). Scentsy has sold Scentsy Buddies continuously since 2010, and to date has brought to market more than 144 models of Scentsy Buddies and has sold more than $88,000,000.00 worth of Scentsy Buddies throughout the world.

10.     Since at least 2004, Scentsy has used the mark SCENTSY in commerce in connection with its sale of all Scentsy products, including Scentsy Buddies.

11.     Scentsy has registered a number of trademarks, design patents, and copyrights, with (respectively) the United States Patent and Trademark Office and the United States Copyright Office, in an effort to protect Scentsy's intellectual property rights in the Scentsy Buddies. Those registrations include, but are not limited to, the following):

| Type of Protection | Applicable Trademark Registration Number (TRN), Patent Number (PN), or Copyright Number (CRN) and Registration Date | Protected Image |
|---|---|---|
| Trademark | TRN: 3417399 April 29, 2008 | **SCENTSY** |
| Trademark | TRN: 3985480 June 28, 2011 |  |

| | | |
|---|---|---|
| Patent | PN: US D651,260 S1<br>December 27, 2011 |  |
| Patent | PN: USD701273S1<br>March 18, 2014 |  |
| Copyright | CRN: VA-1-920-880<br>August 6, 2014 |  |

12.     Defendants has had actual or constructive knowledge of Scentsy's intellectual property in its Scentsy Buddies since at least 2011.

13.     Notwithstanding Scentsy's established rights in the Scentsy Buddies and Defendant's knowledge of Scentsy's rights, Defendants have been manufacturing, advertising, and selling to the public stuffed toys which infringe on Scentsy's intellectual property rights (herein, the "Infringing Toys"). Defendants have sold Infringing Toys in interstate commerce, including at the website located at www.kellytoy.com (hereinafter, "Defendant's Website").

14.     On or about March 26, 2018, Scentsy sent Defendants a letter notifying Defendants that they were infringing Scentsy's intellectual property rights in the Scentsy Buddies and demanding that Defendants immediately and permanently stop selling the Infringing Toys. A copy of Scentsy's March 26, 2018 letter, which includes images of both the Scentsy Buddies and the Infringing Toys, is attached hereto as Exhibit A.

15.     On or about November 11, 2018, Scentsy discovered that Defendants were continuing to infringe on Scentsy's intellectual property rights in the Scentsy Buddies when a Scentsy customer brought an Infringing Toy to Scentsy's attention.

16.     At no time has Scentsy authorized Defendants to use any of the intellectual property rights in the Scentsy Buddies. Defendants are not affiliated or associated with Scentsy in any way.

17.      Because of the wide-spread recognition, distinctiveness, and goodwill of the intellectual property rights in the Scentsy Buddies, Defendants' infringement is likely to cause confusion or mistake in the minds of consumers, or are likely to deceive consumers as to the

affiliation, connection, or association of Defendants' products with Scentsy, and is a violation of 15 U.S.C. § 1125(a).

18.     Defendants' Infringing Toys has and will continue to cause actual confusion with and dilution of the distinctive quality of the Mark.

19.     Defendants' infringement of Scentsy's intellectual property rights in the Scentsy Buddies is wanton, willful, and has been committed in bad faith with the intent to profit from Scentsy's goodwill, and with the intent to cause confusion, mistake and deception.

20.     As a result of Defendants' wrongful acts, Scentsy has suffered, and will continue to suffer, irreparable injury in the form of lost goodwill, lost income, and injury to its reputation. No monetary remedy alone would be adequate to compensate Scentsy for the harm that Defendants' wrongful acts have caused to Scentsy's trademarks, reputation, and goodwill if Defendants are not enjoined from their wrongful acts.

### IV.
### CLAIMS FOR RELIEF

#### A.     FIRST CLAIM FOR RELIEF
#### (Trademark Infringement, 15 U.S.C. §1114)

21.     Scentsy incorporates paragraphs 1 through 20 above as if set forth herein in full.

22.     Since at least 2004, Scentsy has been the owner of valuable trademarks. Since 2010, Scentsy has been the owner of trademarks in the Scentsy Buddies.

23.     Since 2010, all Scentsy Buddies have contained a "patch" on the rear of the Buddy body, e.g., on the "hip" of those Buddies that have legs. The patch is rectangular, with two stars on the interior of the rectangle, and two stylized "stiches" on each of the four sides of

the rectangle. A true and correct photograph of a patch, which is typical of all Scentsy Buddies, is attached hereto as Exhibit B.

24.     In 2011, Scentsy registered its first Scentsy-Buddy-specific trademark, Registration Number 3985480, referenced in the table in paragraph 11 *supra.* All Scentsy Buddy trademarks, including but not necessarily limited to the "patch" and Registration Number 3985480 are referred to herein as the "Buddy Marks."

25.     The consuming public recognizes the Buddy Marks as being distinctive and as an identifier of the high-quality goods associated with Scentsy.

26.     The Buddy Marks have acquired secondary meaning in the minds of the consuming public.

27.     Notwithstanding Scentsy's prior rights in the Buddy Marks, Defendants have used and continue to use, confusingly similar trademarks on the Infringing Toys – goods that are related to Scentsy's products and that are sold, offered for sale, distributed, and advertised in interstate commerce.

28.     Defendants' use of the Buddy Marks (or confusingly similar trademarks) in connection with the advertisement and sale of Infringing Toys – products in interstate commerce – is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of Defendants' goods.

29.     Defendant's use of the Buddy Marks is also likely to cause initial interest and other confusion among consumers and potential consumers of Scentsy's goods.

30.     Defendants' actions constitute trademark infringement in violation of 15 U.S.C. §1125(a).

31.     Defendants will continue, unless enjoined, to cause irreparable harm to the goodwill and reputation of Scentsy.

32.     Defendants' actions were taken with knowledge of Scentsy's rights, and thus constitute deliberate and intentional infringement, justifying an award of treble damages to Scentsy, pursuant to 15 U.S.C. §1117, in an amount to be determined at trial.

### B.     SECOND CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

33.     Scentsy incorporates paragraphs 1 through 32 above as if set forth herein in full.

34.     Scentsy is the owner of the Buddy Marks, which are recognized by the consuming public as being distinctive and identifiers of the high-quality goods associated with Scentsy.

35.     The Buddy Marks are distinctive and have acquired secondary meaning in the minds of the consuming public.

36.     Notwithstanding Scentsy's prior rights in the Buddy Marks, Defendants have used and continue to use, confusingly similar trademarks in connection with the advertising and sale of the Infringing Toys – goods that are related to Scentsy's products in interstate commerce that have caused confusion and are likely to continue to cause confusion, mistake, or deception as to the origin, sponsorship or approval of Defendants' goods.

37.     Defendants' actions constitute common law trademark infringement.

38.     Defendants will continue, unless enjoined, to cause irreparable harm to the goodwill and reputation of Scentsy.

### C.     THIRD CLAIM FOR RELIEF
### (False Designation of Origin, Lanham Act §43(a) (15 U.S.C. §1125(a)))

39.     Scentsy incorporates paragraphs 1 through 38 above as if set forth herein in full.

40.     Defendants' use in commerce of marks that are confusingly similar to the Buddy Marks in connection with the advertising and sale of Infringing Toys – goods that are related to Scentsy's goods in interstate commerce – is likely to cause confusion, including initial interest confusion, or to cause mistake, or to deceive the relevant public into believing that the Infringing Toys are authorized, sponsored or approved by Scentsy.

41.     Defendants' actions as described herein constitute false designations of origin, in violation of 15 U.S.C. §1125(a).

42.     Defendants will continue, unless enjoined, to cause irreparable harm to the goodwill and reputation of Scentsy.

43.     Defendants' actions were taken with knowledge of Scentsy's rights, and thus constitute deliberate and intentional infringement, justifying an award of treble damages to Scentsy, pursuant to 15 U.S.C. §1117, in an amount to be determined at trial.

### D.     FOURTH CLAIM FOR RELIEF
### (Patent Infringement)

44.     Scentsy realleges paragraphs 1 through 43 above and incorporates the same by reference herein as if set forth in full.

45.     Scentsy owns United States Design patents D651260S1 and USD701273S1 listed above, copies of which are attached as Exhibits C and D ("Scentsy's Patents").

46.     On information and belief, Defendants had actual notice of Scentsy's Patents and/or constructive notice of Scentsy's Patents pursuant to 35 U.S.C. § 287.

47.     As the image comparisons shown in Exhibit A reveal, Defendants have misappropriated Scentsy's designs in the Infringing Toys.

48.     Defendants have infringed and continue to infringe, contribute to the infringement of, and/or actively induce others to infringe Scentsy's Patents by making, using, selling, offering to sell and/or importing in the United States, without authorization from Scentsy, the Infringing Toys which embody the designs covered by Scentsy's Patents .

49.     Defendants' conduct constitutes design patent infringement, either literal or under the doctrine of equivalents, in violation of 35 U.S.C. §271.

50.     For example, the Infringing Toys include at least the frustoconical or reverse-tapered arms and legs as claimed in Scentsy's Patents as illustrated in, for example, the figures included in both patents. The design of the Infringing Toys is such that, in the eye of the ordinary observer, the Infringing Toys are substantially the same as the claims of Scentsy's Patents.

51.     Defendants' actions were taken with knowledge of Scentsy's rights, and thus constitute willful, deliberate and intentional infringement, justifying an award of treble damages to Scentsy, pursuant to 35 U.S.C. §284, in an amount to be determined at trial.

### E.     FIFTH CLAIM FOR RELIEF
### (Copyright Infringement)

52.     Scentsy realleges paragraphs 1 through 51 above and incorporates the same by reference herein as if set forth in full.

53.     As the owner of a copyright in the Scentsy Buddies, Scentsy possesses exclusive rights in the Scentsy Buddies, including the exclusive rights to reproduce, create derivative works based upon and publicly distribute copies and derivative works based upon the Scentsy Buddies.

54.     Defendants have infringed and are infringing Scentsy's exclusive rights in the Scentsy Buddies, via Defendants' Infringing Toys, which are copies and derivative works of the Scentsy Buddies and which are substantially similar to the Scentsy Buddies, and then selling Defendants' Infringing Toys for profit.

55.     The manufacturing, advertising, marketing, and selling of Defendants' Infringing Toys infringe Scentsy copyrights in the Scentsy Buddies, in that:

        a)      The shape and color of the body of Defendants' Infringing Toys are substantially similar to the shape and color of the Scentsy Buddies, in that they each are each conical, with a wide bottom and a narrow top.

        b)      The design and shape and color of the head and face of Defendants' Infringing Toys are identical to the design and shape and color of Scentsy Buddies' heads and faces.

        c)      The design and shape of the ears of Defendants' Infringing Toys are identical to the design and shape of the Scentsy Buddies' ears, in that the ears of both toys are long with pastel purple and pink polka dots on the underside.

        d)      The shape of the limbs of Defendants' Infringing Toys are substantially similar to the shape of the Scentsy Buddies, in that they each are each conical, with circular ends, rather than feet or hands.

### V.
### ATTORNEY FEES

56.     Scentsy realleges and incorporate paragraphs 1 through 55 above as if set forth herein in full.

57.     Defendant's continued infringement of Scentsy's trademark rights, Lanham Act rights, patent rights, and copyrights, is done with knowledge and in bad faith, and is in violation of both federal and Idaho law. As a result, Scentsy has been required to prosecute this action. Under 15 U.S.C. § 1117 and 17 U.S.C. § 505 and 35 U.S.C. §285, Scentsy is entitled to recover its costs and reasonable attorneys' fees incurred in prosecuting this action. Based upon Scentsy's experience in litigating such claims, reasonable attorneys' fees in the event that judgment is entered by default are $10,000.00.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Scentsy prays for entry of judgment against Defendants as follows:

**AS TO CLAIMS FOR RELIEF ONE, TWO AND THREE:**

1.     A judgment that Defendants have infringed Scentsy's trademark rights in the Scentsy Buddies;

2.     For recovery of Defendants' profits, pursuant to 15 U.S.C. §1117, the precise amount to be proven at trial;

3.     For Scentsy's actual damages, pursuant to 15 U.S.C. §1117, the precise amount to be proven at trial;

4.     For an award of treble damages, pursuant to 15 U.S.C. §1117, the precise amount to be proven at trial;

5.     For a temporary and preliminary injunction enjoining Defendants and those acting in privity or concert with Defendants from infringing Scentsy's trademark rights in the Scentsy Buddies by using confusingly similar marks, in the advertising or selling of goods, until the Court has decided the merits of this action; and

COMPLAINT - 12

6.      For a permanent injunction enjoining Defendants and those acting in privity or concert with Defendants from using Scentsy's trademarks, or confusingly similar marks, in the advertising or selling of goods.

**AS TO CLAIM FOR RELIEF FOUR:**

1.      A judgment that Defendants have infringed Scentsy's Patents;

2.      For recovery of Defendants' profits pursuant to 35 U.S.C. § 289;

3.      For an award of damages adequate to compensate for the infringement, including treble damages, pursuant to 35 U.S.C. § 284, together with interest and costs.

4.      A judgment declaring this case to be exceptional and awarding Scentsy its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

5.      For a temporary and preliminary injunction enjoining Defendants and those acting in privity or concert with Defendants from infringing Scentsy's Patents in the advertising or selling of goods, until the Court has decided the merits of this action; and

6.      For a permanent injunction enjoining Defendants and those acting in privity or concert with Defendants from using Scentsy's patented designs in the advertising or selling of goods.

**AS TO CLAIM FOR RELIEF FIVE:**

1.      A judgment that Defendants have infringed Scentsy's copyright in the Scentsy Buddies;

2.      For actual damages, pursuant to 17 U.S.C. § 504, the precise amount to be proven at trial;

COMPLAINT - 13

3.  For statutory damages, pursuant to 17 U.S.C. § 504, the precise amount to be proven at trial;

4.  For a temporary and preliminary injunction enjoining Defendants and those acting in privity or concert with Defendants from the unauthorized making, using, advertising, and selling of Defendants' Infringing Toys, until the Court has decided the merits of this action; and

5.  For a permanent injunction enjoining Defendants and those acting in privity or concert with Defendants from the unauthorized making, using, advertising, and selling of Defendants' Infringing Toys.

**AS TO ALL CLAIMS FOR RELIEF:**

1.      For costs and attorneys' fees incurred by Scentsy in prosecuting this action; and

2.      For such other and further relief as the Court deems just and proper.

DATED THIS ____ day of February 2019.

SCENTSY, INC.

By _____
        Ryan T. McFarland, ISB No. 7347
        Attorney for Plaintiff

COMPLAINT - 14

**Exhibit A**

# SCENTSY

Brent Bastian | 2901 E. Pine Avenue Meridian, Idaho 83642 | Phone (208) 286-3979 | Fax: (208) 895-1270 | bbastian@scentsy.com

26 March 2018

VIA U.S. MAIL
VIA CERTIFIED MAIL

KellyToy, USA, Inc.                     Rami Hajeb
5602 Bickett Street                     4811 S. Alameda St.,
Vernon, CA 90058                        Los Angeles, CA  90058

    Re: Cease & Desist

To Whom It May Concern:

Scentsy, Inc. ("Scentsy") has recently discovered that KellyToy, USA, Inc. ("KellyToy") manufactures and is currently selling a plush rabbit which is identical in nearly every respect to a plush rabbit Scentsy markets named "Roosevelt the Rabbit." As described below, KellyToy's rabbit violates several of Scentsy's proprietary rights. Scentsy hereby demands KellyToy cease its unlawful behavior.

In specific, please review the photographs found at the end of this letter, following my signature. The first three are photographs taken of your product. The next four are of Scentsy's Roosevelt the Rabbit. As you can see, the KellyToy rabbit is indistinguishable from Roosevelt in nearly every relevant manner. The faces are identical, down to the coloring. The ears on the two rabbits are also interchangeable, including the polka dots on the inside—indeed, KellyToy even used the exact same size and colors of dots. Moreover, the body shape of the two products is identical. And, to remove all doubt of KellyToy's attempt to copy Scentsy, KellyToy even reproduced Scentsy's trademarked two stars within a rectangular box crossed with eight lines. In sum, KellyToy's rabbit is clearly an unlawful knockoff of Scentsy's product.

Scentsy has gone to great lengths to protect its proprietary rights in Roosevelt the Rabbit, as well as its other Scentsy Buddies. It sought and obtained a patent on the shape of all of its Scentsy Buddies (Patent No. US D701,273 S), which includes Roosevelt. KellyToy's knockoff obviously violates that patent. In addition, Scentsy owns a trademark on the stars-within-the-crossed-rectangle shape found on your product. And given the closeness of the copy, KellyToy has also violated Scentsy's trade-dress rights. Taking these rights together, KellyToy has exposed itself to serious damages for its choice to copy Roosevelt the Rabbit.

Scentsy accordingly demands that KellyToy immediately do the following:

(1)  cease selling the KellyToy knockoff rabbit;

(2)  Disclose to us how you were able to copy Scentsy's protected patents so closely; and

(3)  Provide an accounting of how many infringing products you have sold, whether they
       be related to Roosevelt the Rabbit or any other of Scentsy's products.

*Warm the heart, Enliven the senses and Inspire the soul*

# SCENTSY

Brent Bastian | 2901 E. Pine Avenue Meridian, Idaho 83615 | Phone (208) 256-1075 | Fax (208) 895-1270 | bbastian@scentsy.com

Please confirm your compliance with this demand by sending me a confirmation of the above by April 18, 2018. Please be advised that if you fail to comply with this demand and confirm your compliance by April 18, 2018, Scentsy reserves the right to enforce its rights by all legal means, including without limitation in a court of law wherein Scentsy will seek an injunction prohibiting your continued infringement of Scentsy's rights, as well as damages and attorneys' fees and costs incurred in enforcing its rights.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Brent Bastian
Legal Counsel

KellyToy Letter, 26 March 2018, Pg. 2

*Warm the heart, Enliven the senses and Inspire the soul*

COMPLAINT - 16

# SCENTSY

Brent Bastian | 2901 E. Pine Avenue Meridian, Idaho 83642 | Phone (208) 286-8939 | Fax (208) 895-1775 | sbastian@scentsy.com

KELLYTOY RABBIT:



KELLYTOY RABBIT:



KellyToy Letter, 26 March 2018, Pg. 3

*Warm the heart, Enliven the senses and Inspire the soul*

COMPLAINT - 17

# SCENTSY

Brand Station | 2901 E. Pine Avenue Meridian, Idaho 83642 | Phone (208) 286-3678 | Fax (208) 585-1270 | branding@scentsy.com

KELLYTOY RABBIT:



SCENTSY'S ROOSEVELT THE RABBIT:



KellyToy Letter, 26 March 2018, Pg. 4
*Warm the heart, Enliven the senses and Inspire the soul*

# SCENTSY

Scent Station | 2901 E. Pine Avenue Meridian, Idaho 83642 · Phone (208) 283-5370 | Fax: (208) 899-1270 | booctzn@scentsy.com

SCENTSY'S ROOSEVELT THE RABBIT:



SCENTSY'S ROOSEVELT THE RABBIT:



KellyToy Letter, 26 March 2018, Pg. 5

*Warm the heart, Enliven the senses and Inspire the soul*

# SCENTSY

Brent Section | 2901 E. Pine Avenue Meridian, Idaho 83642 | Phone (208) 286-3929 | Fax (208) 906-1520 | sbastian@scentsy.com

SCENTSY'S ROOSEVELT THE RABBIT:



*Warm the heart, Enliven the senses and Inspire the soul.*

COMPLAINT - 20

**Exhibit B**



**Exhibit C**



US00D651260S

(12) **United States Design Patent**
Stewart

(10) Patent No.: **US D651,260 S**
(45) Date of Patent: ** **Dec. 27, 2011**

(54) **TOY ANIMAL**

(75) Inventor: **Julianne Stewart**, Meridian, ID (US)

(73) Assignee: **Scentsy, Inc.,** Meridian, ID (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/366,404**

(22) Filed: **Jul. 23, 2010**

(51) LOC (9) Cl. ................................................. **21-01**
(52) U.S. Cl. .................................................... **D21/652**
(58) Field of Classification Search ................. D21/576,
D21/596, 652; D6/598; 446/72, 97, 268–269
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D140,492 S | * | 2/1945 | Szrajer | ........................ D21/652 |
| D298,444 S | * | 11/1988 | Albert | ........................ D21/652 |
| D325,408 S | * | 4/1992 | Williams, Sr. | .............. D21/652 |
| D542,364 S | * | 5/2007 | Oren et al. | ................... D21/652 |

* cited by examiner

*Primary Examiner* — Sandra Morris

(74) *Attorney, Agent, or Firm* — TraskBritt

(57) **CLAIM**
The ornamental design for a toy animal, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of an embodiment of a toy animal, illustrated in a seated condition, showing my new design;
FIG. **2** is a front view of the toy animal shown in FIG. **1**;
FIG. **3** is a rear view of the toy animal shown in FIG. **1**, wherein a recess compartment located in the back of the animal is illustrated in a closed condition;
FIG. **4** is a first side view of the toy animal shown in FIG. **1**;
FIG. **5** is a second side view of the toy animal shown in FIG. **1**;
FIG. **6** is a top view of the toy animal shown in FIG. **1**;
FIG. **7** is a bottom view of the toy animal shown in FIG. **1**;
FIG. **8** is a rear view of the toy animal shown in FIG. **1**, wherein the recess compartment located in the back of the animal is illustrated in an open condition; and,
FIG. **9** is a front view of the toy animal shown in FIG. **1**, illustrated in a standing condition.

**1 Claim, 5 Drawing Sheets**





*FIG. 1*



*FIG. 2*



*FIG.* **3**



*FIG.* **4**



*FIG.* **5**



*FIG.* **6**

**U.S. Patent**   Dec. 27, 2011   Sheet 4 of 5   US D651,260 S



*FIG. 7*



*FIG. 8*

**U.S. Patent**    Dec. 27, 2011    Sheet 5 of 5    US D651,260 S



*FIG.* 9

**Exhibit D**



US00D701273S

(12) **United States Design Patent**   (10) **Patent No.:**        **US D701,273 S**

Stewart   (45) **Date of Patent:**   ** **Mar. 18, 2014**

(54) **TOY ANIMAL**

(71) Applicant: **Scentsy, Inc.,** Meridian, ID (US)

(72) Inventor: **Julianne Stewart,** Kuna, ID (US)

(73) Assignee: **Scentsy, Inc.,** Meridian, ID (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/438,886**

(22) Filed: **Dec. 4, 2012**

**Related U.S. Application Data**

(63) Continuation of application No. 29/417,627, filed on Apr. 5, 2012, now Pat. No. Des. 671,995, which is a continuation of application No. 29/401,501, filed on Sep. 12, 2011, now Pat. No. Des. 658,239, which is a continuation of application No. 29/366,404, filed on Jul. 23, 2010, now Pat. No. Des. 651,260.

(51) LOC (10) Cl. .................................................. **21-01**

(52) U.S. Cl.
USPC .......... **D21/600;** D21/658

(58) **Field of Classification Search**
USPC .......... D21/576, 600, 604, 658–661; D6/598; 446/72, 97, 268–269
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D140,492 S | 2/1945 | Aznajer |
| D166,051 S | 2/1952 | Secter |
| D170,008 S | 7/1953 | Cooke |
| D260,413 S | 8/1981 | Holstine |
| D287,742 S | 1/1987 | Bardwell et al. |
| D288,585 S | 3/1987 | Shaffer et al. |
| D298,444 S | 11/1988 | Albert |
| D316,432 S | 4/1991 | Stephenson et al. |

(Continued)

FOREIGN PATENT DOCUMENTS

WO        2012015832 A2   2/2012

OTHER PUBLICATIONS

Mary Meyer 1995 Catalog, p. 44, Lion.

*Primary Examiner* — Sandra Morris
(74) *Attorney, Agent, or Firm* — TraskBritt

(57)        **CLAIM**

The ornamental design for a toy animal, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a first embodiment of a toy animal, illustrated in a seated condition, showing my new design;
FIG. 2 is a front view of the toy animal shown in FIG. 1;
FIG. 3 is a rear view of the toy animal shown in FIG. 1, wherein a recess compartment located in the back of the animal is illustrated in a closed condition;
FIG. 4 is a first side view of the toy animal shown in FIG. 1;
FIG. 5 is a second side view of the toy animal shown in FIG. 1;
FIG. 6 is a top view of the toy animal shown in FIG. 1;
FIG. 7 is a bottom view of the toy animal shown in FIG. 1;
FIG. 8 is a rear view of the toy animal shown in FIG. 1, wherein the recess compartment located in the back of the animal is illustrated in an open condition; and,
FIG. 9 is a front view of the toy animal shown in FIG. 1, illustrated in a standing condition.
The broken line showing of the head is for illustrative purposes only, and forms no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



**US D701,273 S**

Page 2

(56)                **References Cited**

        U.S. PATENT DOCUMENTS

D325,408  S      4/1992  Williams
5,507,678  A      4/1996  Chiang
D409,265  S  *  5/1999  Witkin ........................ D21/600
D426,594  S      6/2000  Chae
D466,168  S  *  11/2002  Brunett .................... D21/600
6,848,967  B2    2/2005  Kim
D532,060  S    11/2006  Boutin

D534,224  S  *  12/2006  Sutton ........................ D21/604
D542,364  S      5/2007  Oren et al.
D651,260  S    12/2011  Stewart
D654,966  S  *  2/2012  Burch ........................ D21/600
D654,967  S  *  2/2012  Burch ........................ D21/600
D658,239  S      4/2012  Stewart
D658,241  S  *  4/2012  Ahrendsen ................. D21/658
D671,995  S    12/2012  Stewart
2012/0028532  A1    2/2012  Thompson et al.

* cited by examiner

**U.S. Patent**　　Mar. 18, 2014　　Sheet 1 of 5　　　　US D701,273 S



FIG. 1

FIG. 2

**U.S. Patent**      Mar. 18, 2014      Sheet 2 of 5      US D701,273 S




FIG. 3



FIG. 4

COMPLAINT - 33



**FIG. 5**



**FIG. 6**

**U.S. Patent**   Mar. 18, 2014   Sheet 4 of 5   US D701,273 S



FIG. 7



FIG. 8



**FIG. 9**