UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENTSY, INC., an Idaho Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KELLYTOY WORLDWIDE, INC., a California corporation, and KELLYTOY (USA), INC., a California corporation,<br><br>Defendants. | Case No. 1:19-CV-00059-BLW<br><br>**MEMORANDUM DECISION AND ORDER (DKT 12)** |

## INTRODUCTION

Before the Court is Defendants' Motion to Aside Default and Default Judgment. (Dkt. 12.) Default was entered against Defendants by the Clerk of the Court on April 2, 2019. (Dkt. 8.) A default judgment against Defendants was entered on May 16, 2019. (Dkt. 10.) Defendants argue that the default and default judgment should be set aside pursuant to Federal Rule of Civil Procedure 60(b)(4) for lack of service of process and lack of personal jurisdiction. In the alternative,

Defendants argue that good cause exists to set aside the default and default judgment pursuant to Rule 55(c) and 60(b)(1). The Court will GRANT Defendants' motion based on their alternative argument.

## LEGAL STANDARD

"The court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). To determine whether good cause exists, the Court must analyze three factors:

(1) whether Kellytoy[1] engaged in culpable conduct that led to the default;

(2) whether Kellytoy has a meritorious defense; and

(3) whether Scentsy would be prejudiced if default is set aside.

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). The factors are disjunctive, so the Court may deny relief if any of the three factors are met. *Am. Ass'n of*

---

[1] For purposes of this decision, the Court will refer to the Defendants collectively as "Kellytoy."

*Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). But the Court is not required to grant relief when one of the three factors is met. *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1112 (9th Cir. 2011). The party seeking to set aside the entry of default carries the burden of demonstrating that relief is warranted. *See Franchise*, 375 F.3d at 926. "Crucially, ... 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Mesle*, 615 F.3d at 1091 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

## ANALYSIS

Before turning to Kellytoy's Rule 55(c) argument, the Court will briefly address Kellytoy's arguments that default and default judgment are void because (1) Kellytoy did not receive service of process and (2) this Court lacks personal jurisdiction over Kellytoy. With respect to the service of process argument, the Court is confronted by diametrically opposed stories: Scentsy's process server, Cruz Gonzalez, swears that he personally served Kellytoy's registered agent, Rami Hajeb, with a copy of the complaint and summons (Dkt. 16-2); Mr. Hajeb denies being served. (Dkt. 13-1.) Additionally, Mr. Hajeb in his Declaration and Kellytoy in its motion argue that this Court lacks personal jurisdiction over Kellytoy

because Kellytoy did not sell the allegedly infringing goods into Idaho. (Dkt. 13 at 6-11.)

Given the situation before the Court, the Court will order Scentsy to re-serve Mr. Hajeb with a copy of the complaint and summons. With respect to Kellytoy's argument that this Court lacks personal jurisdiction, the Court will allow Scentsy limited jurisdictional discovery of one (1) deposition and ten (10) interrogatories (five of which may be directed at Kellytoy Worldwide, with the other five directed to Kellytoy USA) for the purpose of gathering sufficient information so that the Court can, in the context of a Rule 12(b)(1) motion, make a determination regarding personal jurisdiction over Kellytoy.

Turning to the "good cause" analysis required by Rule 55(c) and Rule 60(b), the Court finds that good cause exists to vacate the default and default judgment. First, it appears that Kellytoy may have a meritorious defense based on lack of personal jurisdiction. If the infringing goods in this case were not sold into Idaho, then it is potentially inappropriate for the Court to assert specific personal jurisdiction over Kellytoy for the sale of those goods. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) ("The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have

predicted that its goods will reach the forum State."). This is just one of what the Court suspects will be many defenses that Kellytoy will assert. Accordingly, this factor weighs in favor of vacating default and the default judgment.

Turning to the prejudice prong, Scentsy vaguely argues that it needs the default judgment previously granted by this Court in order to prevent dilution of its brand and infringement of its intellectual property. (Dkt. 16 at 18-19.) Scentsy's argument is a red herring; although it is true that Scentsy may need a judgment to prevent Kellytoy from infringing its intellectual property, it does not necessarily need, nor is it automatically entitled to, the default judgment entered by the Court. If, after a full trial on the merits, Scentsy proves that it is entitled to a judgment enjoining Kellytoy's activities, then the Court will issue one. To the extent Scentsy proves that it suffered monetary harm from Kellytoy's activities, a damages award would be sufficient to make Scentsy whole. In short, the Court remains mindful of the Ninth Circuit command that "a case should, whenever possible, be decided on the merits.'" *Mesle*, 615 F.3d at 1091 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Because two of the three prongs favor setting aside the default and default judgment, the Court will do so. *Hartley v. Longshot Enterprises, Inc.*, No. 4:18-CV-00157-BLW, 2018 WL 4702154, at *3 (D. Idaho Oct. 1, 2018) (Winmill, J.)

(vacating default and default judgment where two of the three factors supported the defendant's motion to vacate).

ORDER

**IT IS HEREBY ORDERED:**

1. Kellytoy's Motion to Aside Default and Default Judgment (Dkt. 12) is **GRANTED** pursuant to Rule 55(c) and Rule 60(b).

2. Scentsy may pursue limited discovery in the manner directed by the Court's opinion to determine whether this Court has personal jurisdiction over Kellytoy.

3. Scentsy must re-serve a copy of the complaint and summons in this case to Kellytoy's registered agent, Mr. Hajeb.

DATED: August 16, 2019

_____
B. Lynn Winmill
U.S. District Court Judge